IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALSON ALSTON,

               *Plaintiff,*

   v.

CUBESMART, et al.,

               *Defendants.*

CIVIL ACTION
NO. 26-31

**Pappert, J.**                                                                                    **June 2, 2026**

**<u>MEMORANDUM</u>**

*Pro se* plaintiff and lawyer Alson Alston[1] sued CubeSmart, unnamed CubeSmart employees, and Storage Treasures, LLC, alleging violations of the Lanham Act (Count I) and the Truth in Lending Act (Count II), breach of contract (Count III), and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (Count IV) and Pennsylvania Self-Service Storage Facility Act (Count V).  All defendants moved to dismiss Counts I and II for failure to state claims upon which relief could be granted and requested the Court decline to exercise supplemental jurisdiction over the remaining claims or, alternatively, dismiss them for improper group pleading and strike all allegations of a conspiracy and a state RICO charge.  The

---

[1]    Alston is not entitled to "the special solicitude typically owed to a *pro se* litigant . . . because he is an attorney." *See Cox v. Dep't of Just.*, 111 F.4th 198, 207 (2d Cir. 2024) (citation modified and omitted); *see also Cole v. C.I.R.*, 637 F.3d 767, 773 (7th Cir. 2011) (same).  Moreover, he is representing himself, as an attorney, in at least two other cases in this Court alone, *see Alston v. Montgomery Cnty. Off. of the Dist. Att'y*, No. 26-2634; *Alston v. Pennsylvania*, No. 26-3503, and representing others in their cases in three matters, *see Alston v. Thomas Jefferson Univ. Hosps.*, No. 24-93; *Carey v. Soc'y Hill Towers Owners Ass'n*, No. 25-5268; *Peer v. Frank*, No. 26-980.

1

motion is unopposed[2] and the Court grants it in part, dismisses Count I with prejudice and Count II without prejudice.  Counts III through V are not dismissed, and the motion to strike is denied.[3]

I

On October 21, 2022, Alston rented storage unit #542B from CubeSmart in Philadelphia.[4]  (Compl. ¶ 6, Dkt. No. 1.)  He agreed to pay $343.85 per month for the unit and $12 per month for insurance plus taxes.  (*Id.* ¶¶ 6–8.)  He believed he didn't need to pay the insurance because CubeSmart's employees purportedly said he "already had sufficient personal and commercial insurance."  *See* (*Id.* at 2 n.2).

CubeSmart emailed Alston on November 24, 2023 to demand payment for unit #542B within thirty days or its "contents would be advertised for sale and auctioned." (*Id.* ¶ 13.)  The notice showed it had supposedly loaned him insurance fees for late payments.  (*Id.* at 2 n.2.)  An employee named "Veronica" called Alston in December of 2023 several times about his overdue rent, *see* (*id.* ¶ 11), and another employee named "Mary" said CubeSmart would advertise and sell the contents of his unit should he fail to pay, *see* (*id.* ¶ 14).

On January 5, 2024, Alston paid CubeSmart $343.03, which, allegedly, was the total rent due on his unit.  (*Id.* ¶ 19.)  He asked Mary that day whether he had satisfied his debts, but she told him CubeSmart had on January 4 cleared the unit and sold its

---

[2]    Alston had fourteen days after service of the motion and supporting brief to serve a brief in opposition.  E.D. Pa. Loc. R. Civ. P. 7.1(c).  The defendants served him with the motion to dismiss on May 11, 2026, (Certificate of Serv., Dkt. No. 9-2), but he never responded.

[3]    Though the Court may grant the defendants' motion as uncontested, *see* E.D. Pa. Loc. R. Civ. P. 7.1(c), the Court exercises its discretion to decide the motion on the merits.

[4]    He cites several exhibits, *see* (Compl. ¶¶ 6, 13), but none are attached to the Complaint.

contents at an auction run by Storage Treasures, LLC. (*Id.* ¶¶ 17–18, 20.) She said she would inform her managers about his payment, (*id.* ¶ 20), but he hasn't since heard from CubeSmart, (*id.* ¶ 21.)

## II

To avoid dismissal under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads facts from which the Court can infer "that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although this "plausibility standard is not akin to a 'probability requirement,'" it demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Assessing plausibility under *Twombly* and *Iqbal* is a three-step process. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Step one is to "take note of the elements the plaintiff must plead to state a claim." *Id.* (alterations omitted) (quoting *Iqbal*, 556 U.S. at 675). Next, the Court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, for all "well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (alteration in original) (quoting *Iqbal*, 556 U.S. at 679). If the well-pleaded facts do not nudge the "claims across the line from conceivable to plausible," the Court must dismiss the complaint. *Twombly*, 550 U.S. at 570.

III

The Lanham Act bars "[a]ny person who, on or in connection with any goods or

services, or any container for goods, uses in commerce any word, term, name, symbol, or

device, or any combination thereof, or any false designation of origin, false or

misleading description of fact, or false or misleading representation of fact" which:

> (A)    Is likely to cause confusion, or to cause mistake, or to deceive as to
> the affiliation, connection, or association of such person with
> another person, or as to the origin, sponsorship, or approval of his
> or her goods, services, or commercial activities by another person,
> or
>
> (B)    In commercial advertising or promotion, misrepresents the nature,
> characteristics, qualities, or geographic origin of his or her or
> another person's goods, services, or commercial activities.

15 U.S.C. § 1125(a)(1)(A)–(B).  These provisions "create[] two distinct bases of liability:

false association and false advertising." *Lexmark Int'l, Inc. v. Static Control*

*Components, Inc.*, 572 U.S. 118, 122 (2014) (citation modified).  Alston alleges

CubeSmart falsely advertised its billing practices.  *See* (Compl. at 2 n.1, ¶ 23).

A plaintiff can only bring a cause of action if his interest "fall[s] within the zone

of interests protected by the law invoked."[5] *Lexmark Int'l, Inc.*, 572 U.S. at 129

(citation omitted).  To do so under § 1125(a)(1)(B), a plaintiff "must allege an injury to a

commercial interest in reputation or sales." *Id.* at 131–32.  That includes a "commercial

plaintiff . . . harmed by a competitor's false advertising," *see Sandoz Pharms. Corp. v.*

*Richardson-Vicks, Inc.*, 902 F.2d 222, 230 (3d Cir. 1990), or a major shareholder in a

firm allegedly driven into bankruptcy by a principal competitor's false advertising, *see*

---

[5]    The Third Circuit Court of Appeals previously categorized this test under "prudential
standing," *see, e.g.*, *Conte Bros. Auto., Inc. v. Quaker State–Slick 50, Inc.*, 165 F.3d 221 (3d Cir. 1998),
which the Supreme Court abrogated in *Lexmark International, Inc.*, *see* 572 U.S. at 127 n.3.

*Thorn v. Reliance Van Co.*, 736 F.2d 929, 932–33 (3d Cir. 1984). But "[a] consumer who is hoodwinked into purchasing a disappointing product . . . cannot invoke the protection of the Lanham Act." *Lexmark Int'l, Inc.*, 572 U.S. at 132 (collecting cases); *Serbin v. Ziebart Int'l Corp.*, 11 F.3d 1163, 1117 (3d Cir. 1993) ("[C]onsumers fall outside the range of 'reasonable interests' contemplated as protected by the false advertising prong of Section 43(a) of the Lanham Act . . . .").

Alston only alleges he is a CubeSmart consumer. He rented unit #542B in Philadelphia where he stored various business items and family heirlooms. (Compl. ¶¶ 6, 12, 24.) He never purports to be a commercial plaintiff or associated with a competitor of CubeSmart or Storage Treasures, nor does he allege a commercial interest in reputation or sales harmed by their advertising.

IV

Alston's claim under the Truth in Lending Act is time-barred. The Third Circuit Court of Appeals permits a plaintiff to raise a limitations defense by a Rule 12(b)(6) motion only if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the [required time]." *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (citation omitted). "If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." *Id.* (citation omitted).

TILA "requires lenders to make certain disclosures to borrowers and gives borrowers a civil cause of action against creditors who violate these disclosure provisions." *Ramadan v. Chase Manhattan Corp.*, 156 F.3d 499, 500 (3d Cir. 1998). "[A]ny action under this section may be brought . . . within one year from the date of the

5

occurrence of the violation . . . ." 15 U.S.C. § 1640(e). Where a lender fails to make timely disclosures, the violation occurs on "the date that the loan transaction was consummated," or when a consumer "becomes contractually obligated on the loan." *Alejandro v. Freedom Mortg. Corp.*, No. 22-897, 2022 WL 2068247, at *4 (E.D. Pa. June 8, 2022) (citation omitted). So the limitations period runs from "when the disclosures should have been made but were not." *Id.*

Alston filed this suit on January 5, 2026, (Dkt. No. 1), and alleges the "Defendants" violated TILA "by lending [him] funds for the content insurance, without the required TILA disclosures," (Compl. ¶ 26.) He rented unit #542B from CubeSmart starting on October 21, 2022, (*id.* ¶ 6), and owed $12 per month in insurance fees plus taxes, (*id.* ¶¶ 7–8.) So he became contractually obligated to CubeSmart on that date— three years before he filed this case.

None of the other dates in the Complaint are within one year of January 5, 2026. CubeSmart sent Alston a notice on November 24, 2023, which purportedly showed it had "loaned" him insurance fees each month. (*Id.* at 2 n.2.) Employees called him about the late payments in November and December of 2023, (*id.* ¶¶ 11, 14–15), and he paid his rent on January 5, 2024, (*id.* ¶ 20.) That same day, "Mary" told him that CubeSmart had cleared unit #542B and sold its contents the prior day. (*Id.* ¶¶ 17, 20.)

V

Defendants next move to dismiss the remaining state law claims for improper group pleading. (Defs.' Br. in Supp. at 9–10, Dkt. No. 9-1.) Federal Rule of Civil Procedure 8 provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A

complaint is insufficient where there is "genuine uncertainty regarding who is responsible for what, such as when multiple defendants are accused of acting jointly." *Salyers v. A.J. Blosenski, Inc.*, 731 F. Supp. 3d 670, 683–84 (E.D. Pa. 2024) (citation omitted and modified). To avoid improper "group pleading," the plaintiff must "plead[] sufficient facts to show that the plaintiff is entitled to relief *from a particular defendant*." *Id.* (citation omitted).

None of the five counts list which defendant Alston is suing, *see* (Compl. at 6–10), and many allegations refer to "Defendants" generally without specifying which defendant is responsible for which alleged acts or omissions, *see* (*id.* ¶¶ 23, 26, 37, 41). Even so, the Complaint provides some basis—however scant—for his claims. Count III implies CubeSmart breached the rental agreement by clearing his unit and auctioning the items. (*Id.* ¶¶ 29–30.) Count IV accuses CubeSmart of sending Alston improper notices in violation of the UTPCPL. (*Id.* ¶ 33.) And Count V alleges that CubeSmart and Storage Treasures violated the Self-Service Storage Facility Act by inadequately and improperly advertising the contents of his unit. (*Id.* ¶ 40.) Although many of these allegations are conclusory, they give CubeSmart and Storage Treasures notice of the claims against them. *Cf. Bartol v. Barrowclough*, 251 F. Supp. 3d 855, 859 (E.D. Pa. 2017) (citation omitted) (dismissing a shotgun pleading because it did not provide adequate notice to the defendants).

VI

Federal Rule of Civil Procedure 12(f) allows the Court to strike from a pleading "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Such motions "generally are disfavored," and the movant must show the allegations

7

"have no possible relation to the controversy and may cause prejudice to one of the parties" or would "confuse the issues." *Lyle v. Trans Union*, No. 25-2647, 2026 WL 1471203, at *3 (E.D. Pa. May 26, 2026) (citation omitted).

The defendants move to strike all allegations of "Conspiracy" and a "State RICO Charge" because they are conclusory and not separate claims for relief. (Defs.' Br. in Supp. at 8–9.) The Complaint refers to a "chain conspiracy" among the defendants, *see* (Compl. ¶¶ 1, 3), and Count V asserts a claim under Pennsylvania's Self-Service Storage Facility Act "in furtherance of a chain conspiracy and state RICO charge," (*id.* at 10.) It's unclear what any of that means, but the Court cannot, at this time, say those allegations have no possible relation to Alston's claims. The defendants cite no prejudice or confusion they will face, and the proper vehicle for dismissing conclusory claims is a motion under Rule 12(b)(6), not Rule 12(f). *See Moses Taylor Found. v. Coverys*, No. 20-CV-990, 2024 WL 3700203, at *2 (M.D. Pa. Aug. 7, 2024) (noting that a motion to strike "may not serve as an avenue to procure the dismissal of all or part of a complaint" (citation omitted)).

## VII

Courts should freely give leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule expresses "a preference for liberally granting leave to amend" unless "amendment would cause undue delay or prejudice, or that amendment would be futile." *Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000).

For the reasons explained, Alston cannot allege any facts to state a claim under the Lanham Act and thus amendment would be futile. That is not the case, however, for his claim under TILA because he does not allege the possibility of equitable tolling.

*See, e.g.*, *Alejandro*, 2022 WL 2068247, at *4 (dismissing a TILA claim without prejudice where one year had passed since the purported violation and the plaintiffs did not allege the applicability of equitable tolling); *Shareef v. Consumer Portfolio Servs., Inc.*, No. 21-CV-4039, 2021 WL 5823011, at *2 (E.D. Pa. Dec. 7, 2021) (same).  So he may amend Count II—and clarify if he wishes his state law claims—consistent with this Memorandum and to the extent he can allege facts sufficient to state plausible claims for relief.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.